**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

David W. Waldahl, and
Dorothy G. Lachner,

Plaintiffs,

v.

Household Industrial Finance Company,

Defendant.

Case No. 01-2176 RHK/JMM

---

**STIPULATION TO ARBITRATE AND REQUEST TO STAY PROCEEDINGS** AND ORDER

**WHEREAS**, the Plaintiffs have filed the above-captioned lawsuit alleging violations of the Truth in Lending Act and the Home Ownership and Equity Protection Act (15 U.S.C. §§ 1601 *et seq.*, and 15 U.S.C. § 1639), which allegations arise out of a December 5, 2000 loan contract between the parties ("the Loan Agreement") (attached as Exhibit 1).

**WHEREAS**, the Defendant Household Industrial Finance Company ("Household") denies all liability in this matter.

**WHEREAS**, incorporated into the Loan Agreement is an "Arbitration Rider" which Plaintiffs signed, whereby Plaintiffs agreed to arbitrate "any claim, dispute, or controversy . . . arising from or relating to" the Loan Agreement between the parties. (Attached as Exhibit 2).

**WHEREAS**, the parties hereby enter into this Stipulation to Arbitrate ("Stipulation"), pursuant to the terms set forth in the Arbitration Rider.

**WHEREAS**, the parties request that all Court proceedings be stayed pending the parties' arbitration of this matter, including the pretrial conference scheduled for February 6, 2002.

FEB 05 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**IT IS HEREBY STIPULATED** by the parties, through their respective counsel, that the parties request the Court issue an Order staying these proceedings while the parties proceed to arbitrate this dispute.

Dated this 5th day of February, 2002

Eric L. Crandall, Esq.
Minn. Atty Lic. No. 189492
275 South Third Street
Suite 101
Stillwater, MN 55082
Telephone:(651) 430-8187

**ATTORNEY FOR PLAINTIFFS**

Dated this 4th day of February, 2002

Lawrence T. Hofmann
Minn. Atty. Lic. No. 45998
Tricia M. Whitehill
Minn. Atty. Lic. No. 280203
4400 City Center
33 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 339-2020

**ATTORNEYS FOR DEFENDANT**

Waldahl stipulation re arbitration.WPD

**ORDER**

**HAVING FULLY CONSIDERED** the above stipulation of the parties; and,

**HAVING DETERMINED** that the Stipulation to Arbitrate set forth above is an appropriate, and based on all the files, records, and proceedings herein

**IT IS HEREBY ORDERED**, that the above Stipulation to Arbitrate shall be entered as an Order of this Court, the parties shall be required to comply with all its provisions as though ordered by this Court, and further proceedings in this court are stayed pending the outcome of the arbitration.

DATE: 2/05/02

BY: ______________________
The Honorable Richard H. Kyle
United States District Court Judge

Waldahl stipulation re arbitration.WPD

# LOAN REPAYMENT AND SECURITY AGREEMENT (Page 1 of 3)

LENDER (called "We", "Us", "Our")

HOUSEHOLD INDUSTRIAL FINANCE COMPANY
10100 6TH AVE NORTH
WATERFORD PLAZA/SUITE 122
PLYMOUTH MN 55441

BORROWERS (called "You", "Your") LOAN NO: 545400-167672

WALDAHL, DAVID W
SS# 469589528
LACHNER, DOROTHY G
SS# 477723246
2644 SHERIDAN AVE
MINNEAPOLIS MN 55411

| DATE OF LOAN | FIRST PAYMENT DUE DATE | OTHERS | FINAL PAYMENT DUE DATE | CONTRACT RATE (per year) |
|---|---|---|---|---|
| 12/05/2000 | 01/05/2001 | SAME DAY OF EACH MONTH | 12/05/2015 | 21.750 % |

| AMOUNT FINANCED | PRINCIPAL | POINTS | OFFICIAL FEES |
|---|---|---|---|
| $ 26,248.93 | $ 26,248.93 | $ .00 | $ 29.50 |

| LIFE INS PREMIUM | DISABILITY INS PREMIUM | RELI INS PREMIUM |
|---|---|---|
| $ 1,249.45 | $ NONE | $ NONE |

| FIRST INSTALLMENT | MONTHLY INSTALLMENT | TERM PERIOD |
|---|---|---|
| $ 495.29 | $ 495.29 | 180 |

YOU ARE GIVING US A SECURITY INTEREST IN THE REAL ESTATE LOCATED AT THE ABOVE ADDRESS.

REQUIRED INSURANCE. You must obtain insurance for term of loan covering security for this loan as indicated by the word "YES" below, naming us as Loss Payee:

Title insurance on real estate security.

Fire and extended coverage insurance on real estate security.

You may obtain any required insurance from anyone you choose and may assign any other policy of insurance you own to cover the security for this loan.
(See "Security" paragraph above for description of security to be insured.)

NOTICE: THE FOLLOWING PAGES CONTAIN ADDITIONAL CONTRACT TERMS.

# LOAN REPAYMENT AND SECURITY AGREEMENT (Page 2 of 3)

PROMISE TO PAY. In return for this loan, you agree to pay us the Principal (Amount Financed plus Points) and Interest, computed at the Contract Rate (shown on page one), in monthly payments as stated on page one. You will pay at our business address on page one or other address given you. If more than one Borrower is named on page one, we may enforce this Agreement against all, or any, Borrowers, but not in a combined amount greater than the amount owed.

INTEREST COMPUTATION. Interest shall be computed at the Contract Rate on actual unpaid balances for the actual time outstanding. Every payment shall be applied first to Interest to date of actual payment and then to the unpaid balance of Principal.

DATE ON WHICH INTEREST BEGINS. If you do not cancel this loan according to your "Notice of Right to Rescind", the date on which Interest begins, payment dates, and effective date of insurance purchased are postponed by the number of days from this contract's date to date you receive this loan.

PAY-OUTS. You agree to pay-outs of Amount Financed as shown on Truth-In-Lending disclosure form. If pay-outs change because loan closing is delayed, (a) you shall pay additional amounts due at closing, or (b) your cash or check will be reduced to cover additional pay-outs.

PREPAYMENT. You may prepay any or all of your loan at any time. If you fully pay before the final payment due date, the points are fully earned when this Loan is made, and you will not receive a refund of that part of the Finance Charge consisting of points, except that the combined total of Points and Interest will not exceed the maximum rate provided by law.

LATE CHARGE. We will charge you a Late Charge if you do not pay a Monthly Installment within 10 days after its due date. The Late Charge is equal to 5% of the Monthly Installment or $5.72, whichever is greater.

BAD CHECK CHARGE. If you pay by a check which is dishonored, you will pay a bad check charge equal to $20.00.

SECURITY. There is a Mortgage on your real estate, located at your address unless a different address is stated. You agree to give us a security interest in the real estate as described in the Mortgage/Deed of Trust. If disclosed on page one, you also agree to give us a security interest in the property identified on page one.

PROPERTY INSURANCE:

A. YOUR OBLIGATION TO INSURE. You shall keep the structures located on the real property securing this loan insured against damage caused by fire and other physical hazards, name us as a loss payee and deliver to us a loss payable endorsement. If insurance covering the real property is cancelled or expires while the loan is outstanding and you do not reinstate the coverage, we may obtain, at our option, hazard insurance coverage protecting our interest in the real property as outlined below.

B. LENDER'S RIGHT TO PLACE HAZARD INSURANCE. You authorize us, at our option, to obtain coverage on the Property in an amount not greater than the outstanding balance of principal and interest on the loan or, if known to be less, the replacement value of the Property, in the event that you fail to maintain the required hazard insurance outlined above or fail to provide adequate proof of its existence. You authorize us to charge you for the costs of this insurance and add the insurance charges to your loan. The Insurance charges will be added to the unpaid balance of the loan which accrues interest at the Contract Rate. The addition of the insurance charges due might increase the amount of your final installment. The cost of Lender placed hazard insurance might be higher than the cost of standard insurance protecting the property. The Lender placed insurance will not insure the contents of the property or provide liability coverage. The insurance might not be the lowest cost coverage of its type available and you agree that we have no obligation to obtain the lowest cost coverage. We or an affiliated company might receive some benefit from the placement of this insurance and you will be charged for the full cost of the premium without reduction for any such benefit. If at any time after we have obtained this insurance, you provide adequate proof that you have subsequently purchased the required coverage, we will cancel the coverage we obtained and credit any unearned premiums to your loan.

DEFAULT. If you do not pay on time, fail to keep required insurance in force, are in default under the Mortgage, have filed a proceeding under any bankruptcy or similar law, or such a proceeding has been filed against you, or have changed your residence since the time this loan was made: (1) all your payments may become due at once, and (2) we may sue you for the entire unpaid balance of Principal and accrued interest, and (3) any judgment in our favor may include our reasonable attorney's fee, not to exceed 25%, if our attorney is not our salaried employee. You will also pay our other actual collection costs in any collection proceeding, as permitted by law.

NOTICE: THE FOLLOWING PAGE CONTAINS ADDITIONAL CONTRACT TERMS.

# LOAN REPAYMENT AND SECURITY AGREEMENT (Page 3 of 3)

EXCHANGE OF INFORMATION. You understand that from time to time we may receive credit information concerning you from others, such as stores, other lenders, and credit reporting agencies. You authorize us to share any information, on a regular basis, we obtain related to your Account, including but not limited to credit reports and insurance information, with any of our affiliated corporations, subsidiaries or other third parties. The uses of this information may include an inquiry to determine if you qualify for additional offers of credit. You also authorize us to share any information regarding your Account with any of our affiliated corporations, subsidiaries or other third parties. **You may prohibit the sharing of such information (except for the sharing of information about transactions or experiences between us and you) by sending a written request which contains your full name, Social Security Number and Address to us at P.O. Box 1547, Chesapeake, VA 23320.**

If you fail to fulfill the terms of your credit obligation, a negative report reflecting on your credit record may be submitted to a Credit Reporting Agency. You agree that the Department of Motor Vehicles (or your state's equivalent of such department) may release your residence address to us, should it become necessary to locate you. You agree that our supervisory personnel may listen to telephone calls between you and our representatives in order to evaluate the quality of our service to you.

INSURANCE. Optional credit insurance and any required insurance disclosures are attached to this Agreement and are incorporated herein by reference.

ALTERNATIVE DISPUTE RESOLUTION AND OTHER RIDERS. The terms of the Arbitration Agreement and any other Riders signed as part of this loan transaction are incorporated into this Agreement by reference.

APPLICABLE LAW. This loan is made under Section 53.04, Subsection 3a, and Section 47.59, to access rates and charges, Minnesota Statutes.

**You understand that some or all of the personal property and/or real estate identified on page one is normally protected by law from the claims of creditors, and you voluntarily give up your right to that protection for the property with respect to claims arising out of this Agreement.**

YOU HAVE RECEIVED A COMPLETE COPY OF THIS AGREEMENT AND THE TRUTH-IN-LENDING DISCLOSURES.

BORROWERS:

______________________________(SEAL)

______________________________(SEAL

______________________________(SEAL

WITNESS:

______________________________

MNB5

02-11-00 SI
PHL/EXE

CUSTOMER COPY

# ARBITRATION RIDER
(Page 1 of 2)

This Arbitration Rider is signed as part of your Agreement with Lender and is made a part of that Agreement. By signing this Arbitration Rider, you agree that either Lender or you may request that any claim, dispute, or controversy (whether based upon contract; tort, intentional or otherwise; constitution; statute; common law; or equity and whether pre-existing, present or future), including initial claims, counter-claims, and third party claims, arising from or relating to this Agreement or the relationships which result from this Agreement, including the validity or enforceability of this arbitration clause, any part thereof or the entire Agreement ("Claim"), shall be resolved, upon the election of you or us, by binding arbitration pursuant to this arbitration provision and the applicable rules or procedures of the arbitration administrator selected at the time the Claim is filed. The party initiating the arbitration proceeding shall have the right to select one of the following three arbitration administrators: the National Arbitration Forum ("NAF"), the American Arbitration Association ("AAA") or JAMS/Endispute ("JAMS"). The arbitrator shall be a lawyer with more than ten years experience or a retired or former judge. The arbitrator shall be independent of and unrelated to you or Lender. The rules and forms of the NAF, AAA and JAMS may be obtained by writing to or calling these organizations at the addresses and/or telephone numbers listed below. Our address for the Service of process under this provision is P.O. Box 1547, Chesapeake, VA 23320.

Any participatory arbitration hearing that you attend will take place in the city nearest to your residence where a federal district court is located or at such other location as agreed by the parties.

If Lender files a Claim, Lender shall pay all the filing costs. If you file a Claim, the filing costs shall be paid as follows: (a) Lender agrees to pay for the initial cost of the filing the Claim up to the maximum amount $100.00; (b) for the filing costs over $100.00, such additional cost shall be divided equally between us up to the amount charged by the arbitration administrator for a Claim equal to your loan amount; and (c) all costs over the amount charged by the arbitration administrator for a Claim equal to your loan amount shall be paid by you. The cost of up to one full day of arbitration hearings will be shared equally between us. Fees for hearings that exceed one day will be paid by the requesting party. We shall each bear the expense of our respective attorney's fees, except as otherwise provided by law. If a statute gives you the right to recover any of these fees, or the fees paid to the arbitration administrator, these statutory rights shall apply in the arbitration notwithstanding anything to the contrary contained herein. If the arbitrator issues an award in our favor you will not be required to reimburse us for any fees we have previously paid to the arbitration administrator or for which we are responsible.

This Arbitration Rider is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. Sections 1 - 16 (the "FAA"). The Arbitrator shall apply applicable substantive law consistent with the FAA, including laws concerning reception, rejection and consideration of evidence, and shall provide written reasoned findings of fact and conclusions of law. The Arbitrators award shall not be subject to appeal except as permitted by the FAA. The parties agree that the award shall be kept confidential. Judgement upon the award may be entered in any court having jurisdiction. All statutes of limitations that would otherwise be applicable shall apply to any arbitration proceeding.

The Arbitrator shall be empowered to impose sanctions and to take such other actions as the Arbitrator deems necessary to the same extent as could be imposed by a judge pursuant to the Federal Rules of Civil Procedure.

This Arbitration Rider shall survive repayment of your loan and/or termination of the Agreement. If any portion of this Arbitration Rider is deemed invalid or unenforceable under any law or statute consistent with the FAA, it shall not invalidate the remaining portions of this Arbitration Rider of the Agreement. In the event of a conflict or inconsistency between the rules and procedures of the arbitration administrator and this Arbitration Rider, this Arbitration Rider shall govern. No class actions or joiner or consolidation of any Claim with the claim of any other person are permitted in arbitration without the written consent of you and us.

No provision of, nor the exercise of any rights under this Arbitration Rider shall limit the right of any party during the pendency of any Claim, to seek and use ancillary or preliminary remedies, judicial or otherwise, for the purposes of realizing upon, preserving, protecting or foreclosing upon any property involved in any Claim or subject to the loan documents. The use of the courts shall not constitute a waiver of the right of any party, including the plaintiff, to submit any Claim to arbitration nor render inapplicable the compulsory arbitration provisions contained in this Arbitration Rider.

**ARBITRATION RIDER**
**(Page 2 of 2)**

THE PARTIES ACKNOWLEDGE THAT THEY HAD A RIGHT TO LITIGATE CLAIMS THROUGH A COURT BEFORE A JUDGE OR JURY, BUT WILL NOT HAVE THAT RIGHT IF EITHER PARTY ELECTS ARBITRATION. THE PARTIES HEREBY KNOWINGLY AND VOLUNTARILY WAIVE THEIR RIGHTS TO LITIGATE SUCH CLAIMS IN A COURT BEFORE A JUDGE OR JURY UPON ELECTION OF ARBITRATION BY EITHER PARTY.

You may contact, obtain the arbitration rules of, or file a Claim with NAF, AAA, or JAMS as follows:

National Arbitration Forum
P.O. Box 50191
Minneapolis, MN 55405
(800) 474-2371
www.arb-forum.org
Code of Procedure

American Arbitration Association
1150 Connecticut Ave, NW, 6th Floor
Washington, DC 20036-4104
(800) 925-0155
www.adr.org
Arbitration Rules for Consumer Related Disputes (Claims under $10,000). Commercial Arbitration Rules (all other claims).

J.A.M.S./Endispute
700 11th St., NW, Suite 450
Washington, DC 20001
(800) 352-5267
www.jamsadr.com
Financial Services Arbitration Rules and Procedures.

Borrower: David Waldahl

Print Name: David Waldahl

Borrower: Dorothy G. Lechner

Print Name: Dorothy G. Lechner

LENDER

By: Rafael D. Jones

Date: 12/05/00

06-15-00 ARBIT RIDER

US024652

*W970529B2N94HAR9000US0246520**WALDAHL *

ORIGINAL